MORRIS TALSKY, Respondent, *v.* ISAAC S. WOLF and Others, Copartners, Trading under the Firm Name and Style of I. S. WOLF & Co., Appellants.

First Department, July 3, 1919.

Sale — action for goods sold and delivered — principal and agent — evidence not establishing authority of agent to purchase merchandise — evidence — refusal to permit defendants, commission merchants, to explain why they received merchandise.

In an action for goods sold and delivered by plaintiff's assignor to defendants said assignor testified that one M., doing business under a firm name, purchased goods which were shipped from plaintiff's place of business.   A receipt was later given by the express company to plaintiff which the defendants' doorman had signed.   Said assignor also testified that M. wrote his name on a bill for the goods and said in effect that he would put his name down and that the defendants would receive the goods and in ten days plaintiff would get the money.

*Held,* that the proof submitted by the plaintiff was insufficient to establish that M. had any authority to purchase the merchandise on behalf of the defendants.

Since it appeared that the defendants were engaged in business as commission merchants and factors it was reversible error to refuse to permit them to show that they had had relations with M. in that or any other capacity or to explain why they received the merchandise.

APPEAL by the defendants, Isaac S. Wolf and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York

on the 2d day of January, 1919, upon the verdict of a jury, and also from an order entered in said clerk's office on the 31st day of December, 1918, denying defendants' motion for a new trial made upon the minutes.

*Clarke M. Rosecrantz* of counsel [*Lawrence S. Greenbaum* with him on the brief; *Greenbaum, Wolff & Ernst,* attorneys], for the appellants.

*Morse S. Hirsch* of counsel [*Samuel Meyers* with him on the brief; *Morris & Samuel Meyers,* attorneys], for the respondent.

Philbin, J.:

This action is for goods sold and delivered by plaintiff's assignor, one Felix Colombo, to defendants. The defense is a general denial.

Plaintiff's assignor, for convenience herein referred to as the plaintiff, testified that in April, 1917, one Morandi, doing business under the name of the Consolidated Embroidery Company, purchased goods which were shipped from plaintiff's place of business in Hoboken, N. J., by the New Jersey Express Company. A receipt dated April 23, 1917, was later given by the express company to plaintiff for the goods. Stamped on the face of it was the following: " Received. Date 4/23/17. I. S. Wolf & Co. Per J. J. S." It was stipulated on the trial that the doorman of defendants signed the receipt. Plaintiff mailed a bill for the goods to defendants. It was received in evidence and is dated April 23, 1917. It says: " Felix Colombo. * * * By L. Morandi. Sold to I. S. Wolf Com. Deps. & Consolidated Emb. Co." The amount is $2,793.06. Colombo testified Morandi wrote his name on the bill, saying: " I will put my name down and I. S. Wolf will receive the goods and in ten days you will get the money." He told witness he was working for the defendants and " was taking care of the department;" that the Consolidated Embroidery Company bills should be made out to I. S. Wolf & Co., to the department. When the bill became overdue plaintiff tried to call up the defendants on the telephone but was unsuccessful, and also called at the office of the Consolidated Embroidery Company. He there

saw Morandi who said he had turned the goods over to Wolf and that Wolf had the bill. Morandi on May 16, 1917, mailed his check, dated May 31, 1917, to Colombo, made to latter's order for $2,778.66, the net amount of the bill after deduction of an allowance. The check was retained by Colombo but was never paid and was protested. A letter signed by the Consolidated Embroidery Company by Morandi accompanied it. In a letter from defendants to Colombo dated June 1, 1917, they speak of " enclosed bill " and say that they have just seen Morandi, who showed them a receipt for a deposit of $3,700 and that the check which had been given Colombo would no doubt be paid on presentation and that " We trust that you will find this to be correct." Plaintiff later called on Wolf and told him the amount but did not give him a bill. Morandi told him Wolf would not give him money. Colombo had never dealt with defendants or Morandi before. We think the proof submitted by plaintiff was insufficient to establish that Morandi had any authority to purchase the merchandise on behalf of the defendants. There is nothing to show what the connection between him and the defendants was except his statements when purchasing the goods. He was not called as a witness.

If any inference is to be drawn as to the relations between Morandi and the defendants from the proof submitted by plaintiff it is that the defendants occupied the position of commercial bankers. Colombo not only testified as to the acceptance of the said check from Morandi but gave other testimony that tends to show that it was plaintiff's understanding that defendants were advancing money and that Morandi was the purchaser. He said Morandi told him that defendants would not give him the money " yet " unless two per cent was deducted; that defendants only paid him twice a month, on the first and fifteenth; and that if plaintiff wanted the cash he would have to allow two per cent. Plaintiff told Morandi he would rather wait. There is nothing in the testimony on behalf of plaintiff inconsistent with the view that defendants were acting as bankers and would make advances upon the goods when received by them on Morandi's behalf. Although the bill was made to defendants it also mentioned the Consolidated Embroidery Company. The

plaintiff knew that the Consolidated Embroidery Company was not a mere department of the defendants, but was an independent business conducted by Morandi under that name. It appeared from the testimony given by one of the defendants that the latter were engaged in business as commission merchants and factors but plaintiff by objections prevented defendants from showing that defendants had any relations with Morandi in that or any other capacity. Under similar objections the defendants were not allowed to explain why they received the merchandise. To all of which the defendants duly excepted. There must be a reversal because of the rulings so made.

The judgment and order should be reversed and a new trial ordered, with costs to appellants to abide event.

CLARKE, P. J., LAUGHLIN, SMITH and MERRELL, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellants to abide event.